IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADRIAN SCOTT DUANE,

    Plaintiff,

v.

IXL LEARNING, INC., and PAUL MISHKIN,

    Defendants.

No. C 17-00078 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

### INTRODUCTION

In this wrongful termination action, defendants move to dismiss all claims against them. For the reasons discussed below, the motion is **GRANTED IN PART AND DENIED IN PART**.

### STATEMENT

The following facts are taken from the complaint. Plaintiff Adrian Duane worked for defendant IXL Learning, Inc., from June 2013 to January 2015. In January 2014, Duane sought and obtained permission from his supervisor to work outside the office and with "irregular hours." With this flexible work schedule, Duane often worked from 7 a.m. to 3:30 p.m. or 11 a.m. to 7:30 p.m. (Amd. Compl. ¶¶ 8–12, 16, 52–59).

In July 2014, Duane informed his supervisor that he would periodically miss work for weekly pre-operative appointments for his phalloplasty surgery and that he would be out for six to eight weeks following the day of his surgery. Duane's supervisor informed Duane that he could work remotely on the days that he had pre-operative appointments. Duane took a leave of

absence from his IXL employment from October 2014 to December 2014 to undergo and recover from the surgery (*id.* ¶¶ 17–18, 25, 38).

In mid-December 2014, Duane e-mailed his supervisor to request to work half-days in the office and half-days at home upon his return to work due to the effects of a "surgical complication" (*id.* ¶ 27). Duane's supervisor responded that he would "prefer that [Duane] be in the office" when working because he is "more productive" there (*id.* ¶ 28). Upon Duane's return to work, his supervisor also informed him that he must be in the office at fixed hours every day and report to his supervisor twice per week via e-mail and another two times per week in person. Duane alleges that these accommodations were "very strict by the standards of other employees at IXL, nearly all of whom work flexible hours and from home, with few checkups or restrictions" (*id.* ¶¶ 27, 32, 37–39).

Duane then posted an anonymous review of IXL on the Glassdoor website. This review stated:

> If you're not family-oriented white or Asian straight or mainstream gay person with 1.7 kids who really likes softball — then you'll likely find yourself on the outside. Treatment in the workplace, in terms of who gets flexible hours, interesting projects, praise, promotions, and a big yearly raise, is different and seems to run right along these characteristics.

(*id.* ¶ 40). Shortly thereafter, Duane told his supervisor that he felt discriminated against by IXL after he returned from surgery. The supervisor subsequently informed Mishkin of Duane's complaints (*id.* ¶¶ 43, 47).

Mishkin met with Duane to discuss Duane's concerns that IXL discriminated against him on the "basis of his disability" (*id.* ¶ 52). Duane informed Mishkin that he felt discriminated against because IXL refused his request for accommodations following his surgery. Mishkin then handed Duane a printout of Duane's Glassdoor review and demanded evidence proving the statements in the review. Duane responded, "I'm queer and I stick out" (*id.* ¶¶ 48, 53–55). After leaving the meeting with Mishkin, Duane realized that "Mishkin had intended to terminate him before their meeting had started" because the items in his desk were already removed and Human Resources had already prepared discharge papers for him (*id.* ¶ 59). According to IXL,

2

Mishkin terminated Duane because his anonymous Glassdoor review demonstrated poor judgment and poor ethics (*id.* ¶ 57).

In July 2015, the National Labor Relations Board filed a complaint on behalf of Duane against IXL, based on the charges filed by Duane with the NLRB, alleging that IXL violated Section 8(a) (Dkt. No. 25-2 at 2). Section 8(a) provides that an employer cannot "restrain or coerce employees" from exercising their rights under NLRA Section 7 "to engage in . . . concerted activities for the purpose of collective bargaining or other mutual aid or protection." In April 2016, the ALJ held that Duane's actions did not amount to protected concerted activity under the NLRA. Duane's review on Glassdoor was instead found to be "individual gripes posted to hurt [IXL's] ability to recruit prospective employees" that constituted a "reckless and impetuous reaction to [IXL's] hesitation to immediately accepting Duane's regular fifty percent remote work privilege" (Dkt. No. 25-3 at 31). The NLRB adopted the ALJ's order in June 2016, dismissing Duane's complaint (Dkt. No. 25-4 at 2).[*]

In January 2017, Duane filed this lawsuit asserting two claims: (1) that IXL violated the Family Medical Leave Act by terminating Duane's employment because he took FMLA leave for his surgery and (2) that Mishkin and IXL wrongfully terminated his employment in violation of public policy expressed in California Code Section 232.5(a) (Dkt. No. 1).

In March 2017, Duane filed an amended complaint to add references to the FMLA, the ADA, FEHA, Title VII, and the CFRA in his wrongful termination in violation of public policy claim (Dkt. No. 30). Defendants now jointly move to dismiss all claims against them (Dkt. No. 37). This order follows full briefing and oral argument.

**ANALYSIS**

**1. RETALIATION CLAIM UNDER THE FAMILY AND MEDICAL LEAVE ACT.**

Duane's first claim alleges that IXL violated the FMLA by considering his FMLA leave as a negative factor in terminating his employment. The FMLA creates two interrelated substantive rights: (1) the employee has a right to use a certain amount of leave for protected

---

[*] Defendants' request for judicial notice of the existence of the NLRB decision is unopposed and **GRANTED**.

3

reasons and (2) the employee has a right to return to his or her job or an equivalent job after using protected leave. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001) (citing 29 U.S.C. 2612(a), 2614(a)). The FMLA does not "entitle any restored employee to . . . any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." 29 U.S.C. 2614(a)(3)(B).

Complaints alleging that adverse employment actions were taken against employees because they used FMLA leave are construed as claims of interference with rights guaranteed by the statute. *Bachelder*, 259 F.3d at 1124. To establish a claim for FMLA interference, Duane must allege that (1) he took FMLA-protected leave, (2) he suffered adverse employment actions, and (3) the adverse actions were causally related to his FMLA leave. *See id.* at 1125. Here, there is no dispute that Duane took leave protected under the FMLA and that he suffered an adverse employment action. The parties, however, disagree whether Duane is able to plausibly allege that his termination was causally related to his FMLA leave.

IXL argues that this instant action is similar to *Simms v. DNC Parks & Resorts at Tenaya, Inc.*, No. 1:13-CV-2075 SMS, 2015 WL 1956441, at *4 (E.D. Cal. Apr. 29, 2015) (Judge Sandra Snyder), in which the plaintiff's allegation that "two of his co-workers with similar positions complained that they were not able to perform office work and had to work harder because of accommodations being made for [the plaintiff]" was insufficient to plausibly allege an FMLA interference claim.

In contrast, here, Duane has alleged facts sufficient to state a claim for interference of the FMLA given the proximity between his return from leave and his termination. A close temporal proximity between a return from FMLA-protected leave and termination supports an inference of unlawful interference. *See Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1137 (9th Cir. 2003). *In his complaint, Duane alleges that he was terminated only eight days after his return from FMLA leave* (Amd. Compl. ¶¶ 68–71). At the pleading stage, the temporal proximity between Duane's return from FMLA leave and termination is enough to support a plausible inference that IXL violated the FMLA.

4

IXL also argues that Duane's FMLA claim should be dismissed because it contradicts the decision by the ALJ which stated that Duane was "terminated because he made angry, impulsive, and false claim[s] of discrimination against [IXL] in his Glassdoor review" (Dkt. No. 25-3 at 37). On a Rule 12(b)(6) motion, a district court may take judicial notice of another court's opinion, "for the existence of the opinion, which is not subject to reasonable dispute over its authenticity," but "not for the truth of the facts recited therein." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (overruled on other grounds); *see also Smith v. Ortiz*, 234 F. App'x 698, 698 (9th Cir. 2007) (finding that the district court did not abuse its discretion in refusing to take judicial notice of a finding of the Superior Court). This order takes judicial notice of the existence of the ALJ's determination, but refuses to take judicial notice of the ALJ's finding that Duane's termination was motivated only by his Glassdoor review. Duane's termination could have been motivated by multiple reasons. The motion to dismiss in regards to Duane's FMLA claim is therefore **DENIED**.

### 2. WRONGFUL TERMINATION CLAIM AGAINST IXL.

Duane also claims that IXL wrongfully terminated him in violation of public policy. Under California law, employment is at-will unless the parties contract otherwise. Cal. Lab. Code § 2922. California courts, however, have held that an employer will be liable if it terminates an employee in violation of public policy. *See Xin Liu*, 347 F.3d at 1137 (citing *Stevenson v. Superior Court*, 16 Cal. 4th 880 (1997)). Our court of appeals has held that an employment discharge in "violation of the FMLA . . . must constitute a violation of public policy." *Id.* at 1138. Given that Duane has plausibly alleged a claim for the violation of the FMLA, his claim for wrongful termination in violation of public policy against IXL is also sufficiently pled and survives dismissal. The motion to dismiss Duane's second claim against IXL and Mishkin is therefore **DENIED**.

Because Duane has plausibly alleged a claim for wrongful termination in violation of public policy in reference to the FMLA, this order need not address Duane's reference to the public policies expressed in California Labor Code Section 232.5(a), the ADA, the CFRA, FEHA, and Title VII. Nonetheless, this order addresses IXL's argument that Sections 7 and 8 of

5

the NLRA preempt California Labor Code Section 232.5(a) — as this was a contentious point in the parties' briefing and at oral argument.

"When an activity is arguably subject to [Section] 7 or [Section] 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). Section 8 states that an employer may not interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Section 7 to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection. California Labor Code Section 232.5, however, states that no employer may "require, as a condition of employment, that an employee refrain from disclosing information about the employer's working conditions."

IXL cites *Luke v. Collotype Labels USA, Inc*., 159 Cal. App. 4th 1463, 1474 (2008), in support of its proposition that California Labor Code Section 232.5 is preempted by the NLRA statutes. In *Luke*, the plaintiff advised his co-workers to keep records of problems they encountered and to express these concerns to management. *Id.* at 1471. The plaintiff claimed he was then wrongfully terminated in violation of public policy set forth in California Labor Code Section 232.5 for providing "support and ideas to other employees who complained about working conditions." *Ibid. Luke* held that the plaintiff's alleged conduct constituted "concerted activity" protected under Sections 7 and 8 of the NLRA and his claim for wrongful termination under California Labor Code Section 232.5 was therefore preempted by the NLRA and within the exclusive jurisdiction of the NLRB. *Ibid.*

In contrast, here, Duane's alleged conduct does not constitute concerted activity under Sections 7 and 8 of the NLRA. Duane merely alleges that he was terminated because he informed his supervisor that IXL's refusal to grant him work accommodations was discriminatory. Duane does not allege that he was terminated because he encouraged his co-workers to complain about discrimination at IXL or that he complained about the alleged discriminatory work environment on behalf of any other employees. Accordingly, Duane's claim based on California Labor Code Section 232.5 is not preempted by Sections 7 and 8 of the NLRA.

### 3. WRONGFUL TERMINATION CLAIM AGAINST MISHKIN.

Duane also claims Mishkin is individually liable for Duane's wrongful termination. But a claim for wrongful termination in violation of public policy can only be brought against an employer. *Miklosy v. Regents of the Univ. of Cal.*, 44 Cal. 4th 876, 900 (2008). An individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy — "rather, he can only be the agent by which the employer commits that tort." *Ibid.*

Duane states in his opposition brief that Mishkin is "the founder and CEO of IXL; clearly an agent of IXL; and . . . responsible for the decision to terminate [Duane]'s employment" (Dkt. No. 39 at 16). Because Mishkin is only an agent of IXL, and not Duane's employer, Mishkin cannot be held personally liable for Duane's wrongful termination in violation of public policy. *See Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1351–52 (2014) (finding that the plaintiff could not hold the defendant — a chief executive officer and owner of the company that employed the plaintiff — individually liable for the plaintiff's wrongful termination because the defendant was not an employer). The motion to dismiss Duane's claim against Mishkin is therefore **GRANTED**.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: May 12, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE